IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV7-1-MU

PATRICK RICARDO SMITH,          )
                                )
        Plaintiff,              )
                                )
    v.                          )         **O R D E R**
                                )
DOUG WALKER, et al.,            )
                                )
        Defendants.             )
_____)

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), and Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 2), both filed January 28, 2010.

After a careful review of the record, the Court finds that Defendants should file an answer detailing Plaintiff's allegations and responding to each.

In conjunction with filing his Complaint, Plaintiff has filed a Motion for a Temporary Restraining Order. In his motion Plaintiff asks that all defendants and other individuals mentioned in his Complaint be restrained from having direct or indirect contact with him. In addition, Plaintiff requests that he be transferred to another close custody institution excepting a few listed by him.

The Supreme Court recently held that in order to obtain a preliminary injunction a plaintiff must establish that he is 1) likely to succeed on the merits; 2) likely to suffer irreparable harm absent preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Resources Def. Counsel, 129 S. Ct. 365, 374 (2009). All four

requirements must be satisfied. Id.; Real Truth About Obama v. Fed. Elec. Comm'n 575 F.3d 342, 347 (4th Cir. 2009). The mere possibility of irreparable harm is insufficient. Id. at 375-76.

Upon thoroughly reviewing the Complaint, this Court concludes that the actions Plaintiff complains of do not warrant the issuance of a restraining order. Significantly, Plaintiff has not established that it is likely he will suffer irreparable harm if an injunction is not granted. Indeed, he does not even assert that he will be irreparably harmed much less sufficiently establish that fact. Moreover, Plaintiff has not made a clear showing that he will likely prevail on the merits. Finally, the public interest is best served if the Courts do not get involved in the daily operations of a prison, particularly prior to a finding that the Constitution has been violated.

**IT IS THEREFORE ORDERED THAT:**

1. The Clerk shall issue summons and deliver it forthwith to the U. S. Marshal who will make service of process without additional cost; and

2. Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 2) is **DENIED**.

Signed: February 3, 2010

Graham C. Mullen
United States District Judge