# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:10-cv-7-RJC

| | |
|---|---|
| PATRICK RICARDO SMITH, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| DOUG WALKER, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Defendants' motion for summary judgment, (Doc. No. 24).

## I. BACKGROUND

### A. Procedural Background

On January 28, 2010, Plaintiff, a prisoner of the State of North Carolina, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights by failing to adequately immobilize his fractured wrist and by unnecessarily delaying the placement of a cast on his hand. Plaintiff named as Defendants William Douglas Walker, the Assistant Superintendent of Programs II at Alexander Correctional Institution ("Walker"), Christine Fortner, Nurse Supervisor II at Alexander Correctional ("Fortner"), and Doris L. Evans, Nurse Supervisor I at Alexander Correctional ("Evans"). Plaintiff has requested compensatory and punitive damages.

Defendants filed their pending motion for summary judgment on August 16, 2010. On the same day, the Court issued a Roseboro notice to Plaintiff. On December 7, 2010, Plaintiff filed his response to Defendants' summary judgment motion.

### B. Factual Background

On March 3, 2009, Plaintiff was screened by a nurse at Alexander Correctional, who referred him for an x-ray of his left hand. (Doc. No. 1 at 3-4). Plaintiff alleges that he was informed that the x-ray indicated a fracture of his left hand and that he would be taken to the hospital. (Id.) Plaintiff further alleges that he had to endure a lot of pain while confined in segregation because his wrist was not immediately immobilized. (Id. at 4). Plaintiff submitted a grievance on March 19, 2009, complaining about the treatment of his left hand. (Id. at 5). On March 30, 2009, Plaintiff was seen by an orthopedic physician, who applied a cast to his wrist. (Id. at 6-7). Plaintiff alleges that the physician told Plaintiff that the reason that he was still experiencing so much pain was because the fracture was never immobilized before being placed in a cast. (Id.) On April 28, 2009, the cast was no longer needed and was removed. (Id. at 7).

Defendants' summary judgment materials include the pleadings and all attachments thereto, and the affidavits of Defendant Walker, Defendant Fortner, and Dr. Abhay Agarwal, Deputy Medical Director and Director for Utilization Review ("UR") for the North Carolina Department of Correction's Health Services in Raleigh, North Carolina. Defendants' summary judgment materials show the following: On March 3, 2009, Plaintiff complained of hand pain and injury. Plaintiff was seen by an Alexander Correctional staff nurse on the same day and was provided pain medication and an ice pack. (Doc. Nos. 25-2: Fortner Aff. at ¶ 7; 25-3: Agarwal Aff. at ¶ 7). On March 4, 2009, Plaintiff was seen by a medical staff provider who ordered an x-ray and pain medication. (Doc. Nos. 25-2: Fortner Aff. at ¶ 7; 25-3: Agarwal Aff. at ¶ 7 ). The x-ray of Plaintiff's left hand was done on March 6, 2009, and was reviewed by the medical provider on March 11, 2009. The x-ray revealed a fracture of the base of the first metacarpal with mild displacement. An orthopedic consult was ordered and approved by a medical provider on March 12, 2009. (Doc. Nos. 25-2: Fortner Aff. at ¶ 7, Ex. C; 25-3: Agarwal Aff. at ¶ 7, Ex. A

2

at 1-2, 17, 60).

Defendants also show that an initial orthopedic appointment was scheduled for March 23, 2009. The appointment was cancelled due to Plaintiff's medical chart being placed mistakenly in the trunk of a vehicle that went to Raleigh. (Doc. Nos. 25-2: Fortner Aff. at ¶ 7, Ex. C; 25-3: Agarwal Aff. at ¶ 7; Ex. A at 10, 54). Plaintiff was seen at the next available appointment with Carolina Orthopaedic on March 30, 2009. (Id.). A cast was applied for four weeks; Plaintiff was seen for follow-up care and treatment on April 28, 2009; and the cast was removed. An x-ray showed a healed fracture. (Doc. No. 25-3: Agarwal Aff. at ¶ 7, Ex. A at 9, 60). As the Assistant Superintendent of Programs II at Alexander Correctional, Defendant Walker coordinated the response to Grievance No. 4870-B-09-109 submitted by Plaintiff on March 19, 2009. (Doc. No. 25-1: Walker Aff. at ¶ 5, Ex. A).

In the opinion of Dr. Agarwal, Division of Prisons Deputy Medical Director, based on his education, training, experience, and review of Plaintiff's inmate medical record, Plaintiff was provided adequate and appropriate medical attention and treatment of his left hand. (Doc. No. 25-3: Agarwal Aff. at ¶ 11). Imaging studies were performed, and Plaintiff was referred to a specialist for further management of his complaints in a timely manner. (Id.). Dr. Agarwal further opined that Plaintiff's fracture had healed satisfactorily. (Id.).

## II.   STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing

law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmovingq party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S.Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

### III. DISCUSSION

As noted, Plaintiff brings an Eighth Amendment claim of deliberate indifference to a serious medical need. Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the

4

Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical

5

clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

Here, Plaintiff contends that he endured significant pain while confined in segregation because his wrist was not immediately immobilized. Plaintiff also contends that the orthopedic physician who set his cast told him that the reason why he was still experiencing so much pain was because the fracture was never immobilized. Defendants have produced evidence on summary judgment, however, showing that Plaintiff was seen by Alexander Correctional medical staff for his complaints related to his left wrist and was provided an ice pack and pain medication to address his complaints of pain. An x-ray on Plaintiff's wrist was then conducted. Defendants' evidence further shows that any delay in being seen by an orthopedic physician was due to the fact that Plaintiff's medical record was inadvertently taken to Raleigh on March 23, 2009. In Dr. Agarwal's expert opinion, Plaintiff was provided adequate and appropriate medical attention and treatment of his left hand. Furthermore, imaging studies were performed, and Plaintiff was referred to a specialist for further management of complaints in a timely manner. Finally, Dr. Agarwal has averred that Plaintiff's fracture healed satisfactorily.

Even if Plaintiff's left wrist was not properly immobilized and even if he was unnecessarily delayed in getting his wrist placed in a cast, Plaintiff has not shown that the delay caused him substantial harm. Delay in medical care, without showing substantial harm, does not violate the Eighth Amendment. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); see also Wynn v. Mundo, 367 F. Supp. 2d 832, 838 (M.D.N.C. 2004), aff'd, 142 Fed. Appx. 193 (4th Cir. 2005) (finding that the plaintiff was not treated with deliberate indifference to a serious medical condition when a twenty-four hour delay "and the provision of Ibuprofen and a lower bunk to Plaintiff during the delay" in treatment did not cause him substantial harm). Here,

Plaintiff's inmate medical record does not support his contention that the Alexander Correctional nursing staff aggravated any pre-existing injury to his left wrist or caused him to incur any permanent injury to his wrist. Plaintiff has shown, at most, disagreement with the manner in which he was treated for his injury, but Plaintiff does not have a constitutional right to the treatment that he demands.

In sum, Plaintiff has failed to present evidence raising a genuine issue of material fact as to his claim for deliberate indifference to a serious medical need. Thus, Defendants are entitled to summary judgment.[1]

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' motion for summary judgment, (Doc. No. 24), is **GRANTED**, and Plaintiff's action is dismissed with prejudice.

Signed: February 28, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1] Defendants also contend that several defendants–specifically, Defendants Walker, Fortner, and Evans–are entitled to summary judgment because Plaintiff cannot show that they are liable under a theory of supervisor liability. Defendants also contend that they are entitled to qualified immunity, as Plaintiff has not shown a violation of clearly established law. Because Plaintiff has not raised a genuine issue of material fact as to whether his constitutional rights were violated in the first instance, the Court need not address whether Defendants are liable under supervisor liability or entitled to qualified immunity.